> *Petitioner remanded to custody.*
> *Rehearing denied.*

MILLER, J., concurs.
DUFFY, J., not participating.

THE STATE OF OHIO, APPELLEE, *v.* AKINS, APPELLANT.

(No. 2512—Decided May 6, 1959.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. Frank Short,* for appellee.
*Mr. Herbert M. Eikenbary,* for appellant.

CRAWFORD, J. Defendant, appellant herein, was convicted and sentenced for forgery under the provisions of Section 2913.01, Revised Code. From that judgment he appeals.

The conviction was based upon an indictment returned on

September 29, 1958, charging that on July 28, 1958, he "did falsely make, utter and publish as true and genuine a certain false, forged and counterfeited check, which said false, forged and counterfeited check is of the purport and value following, to wit:

"No. ....
"Dayton, Ohio July 28 1958 56-29

"Pay to the                                                     422
Order of            Cash                    $50   00/100
            Fifty and .............. 00/100 Dollars
"The Third National Bank & Trust Co.
            Dayton, Ohio          (signed) W. H. Akins
"215 Salem Ave.,
with intent thereby unlawfully to defraud; * * * well knowing the same to be false, forged and counterfeited * * *."

It was stipulated that defendant signed his true name and that he did not have and never had an account with said bank.

Defendant makes two assignments of error: (1) That by reason of the fact that he signed his own name his act does not constitute forgery, false making, or counterfeiting within the meaning of Section 2913.01, Revised Code; (2) that an intent to defraud was not proved beyond a reasonable doubt.

The authorities cited in support of the first assignment of error deal with forgery at common law or under statutes declaratory thereof. Inasmuch as there are no common-law crimes in Ohio, we must look to the statute to determine the elements of the offense.

It is agreed on both sides that the case of *In re Clemons*, 168 Ohio St., 83, 151 N. E. (2d), 553, is on all fours with the present case. The syllabus in that case reads as follows:

"The making of an instrument purporting to be a check, with intent to defraud, signed by the maker with his own name but drawn on a bank in which such maker has no 'checking account' constitutes the false making of a check and is 'forgery' as defined by Section 2913.01, Revised Code."

Recognizing both the authority and the sound logic of the

Supreme Court in its opinion, we find no error in the first assignment.

The second assignment requires an examination of the evidence. Defendant testified that he had no intent to defraud, that he was expecting an early settlement of a damage claim which would enable him to cover the check.

The evidence in the record shows the stipulation above referred to, that the defendant did not have and never had an account in the drawee bank. It indicates also that he received cash for the amount of the check; that he had other similar checks outstanding; that when arrested he had on his person a one-way train ticket to New York; that he told the arresting officers he had intended to leave for New York by train at one a. m. on the day after he was arrested; and that he admitted to them that making out this check on a nonexistent account was wrong. He also admitted that the address at 215 Salem Avenue, which appeared on the check, and which according to another witness he orally represented as his true address, was fictitious; he testified that he lived with his father at 61 Thornton Drive, Fairborn. His explanation for using the fictitious address was: "I did not want to have people coming out to my father's house."

Upon this evidence the jury was justified in finding an intent to defraud.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.